Memorandum. The order of the Appellate Division should be affirmed.
Defendant pleaded guilty to the crimes of rape in the first degree, robbery in the first degree, grand larceny in the third degree, possession of a weapon as a felony, burglary in the second degree and endangering the welfare of a child, as charged in an indictment. The acts underlying these charges involved the burglarizing of the apartment of a married woman, holding a knife to the throat of her nine-year-old daughter, and the raping of the mother under the threat of raping the child unless the mother submitted.
At the time of sentencing, the prosecutor and counsel for defendant addressed the court concerning defendant’s trans *827 gressions and background. The prosecutor asked for a top minimum sentence of eight and one-third years and defendant’s attorney suggested that no minimum be imposed. The court was made aware of another indictment pending against defendant based on an allegedly similar modus operandi and involving burglary and knife-point rape. As to the counts of the indictment as to which defendant pleaded guilty, the court sentenced defendant to indeterminate terms of 6 to 18 years on the rape and robbery convictions, to indeterminate terms having máximums of four and seven years respectively on the convictions for grand larceny and possession of a weapon, all terms to run concurrently, and to conditional discharges on the convictions for burglary and endangering the welfare of a child. The sentencing court did not set forth its reasons for imposing the six-year minimum terms.
Section 70.00 (subd 3, par [b]) of the Penal Law provides that, where the sentence is for a class B, C or D felony, if the court fixes a minimum period of imprisonment, "the court shall set forth in the record the reasons for its action”. This directive should be fulfilled. Although the omission in following the statute is not condoned, there would be no need to remit this matter to Supreme Court for resentencing (see People v Lynch, 28 NY2d 524), other than as a means of pointing out that the statute was not followed to the letter. The reasons which impel the minimum terms are obvious from the record, which is also more than adequate for a review by the Appellate Division of any question as to excessiveness of sentence. As the Appellate Division indicated, we should not now require that which would be futile and pointless. (Cf. People v Burke, 39 NY2d 729.)
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.